AO 91 (Rev. 08/09)  Criminal Complaint

FILED
RICHARD W. NAGEL
CLERK OF COURT

JUN 11  2026 10: 38  A

U.S. DISTRICT COURT
SOUTHERN DISTRICT
OF OHIO-DAYTON

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Ohio

United States of America )
v. )
Anthony Franklin )

Case No. 3:26-mj-251

)
)
)

*Defendant(s)*

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 2026 _____ in the county of _____ Greene _____ in the _____ Southern _____ District of _____ Ohio _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 846 & 841(b)(1)(A) | conspiracy to distribute and possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substdance |
| 21 USC s. 841(a)(1)&(b)(1)(B) | knowing distribution of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance |

This criminal complaint is based on these facts:

See Attached Affidavit of Robert Buzzard

☑ Continued on the attached sheet.

*Robert M. Buzzard*
*Complainant's signature*

Robert Buzzard, TFO of the FBI
*Printed name and title*

Sworn to by reliable electronic means -- namely, telephone.

Date: 6/11/26

*Judge's signature*

City and state: _____ Dayton, Ohio _____

Peter B. Silvain Jr., United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF APPLICATION

I, Robert Buzzard, hereby duly sworn, declare and state:

## INTRODUCTION

1. I am a Task Force Officer ("TFO") of the Federal Bureau of Investigation ("FBI"), assigned to the Cincinnati Division, Dayton, Ohio Resident Agency. I therefore am an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 21 U.S.C. § 878. Moreover, I am an "investigative law enforcement officer" within the meaning of 18 U.S.C. § 2510.

2. Prior to becoming a TFO, I was an FBI Special Agent for twenty-three years assigned to the Dayton Resident Agency from 2002 to 2025. Since 2002, I have participated in investigations involving narcotics trafficking and have received specialized training on the subject of narcotics trafficking and money laundering from the FBI. I have been personally involved in investigations concerning the possession, manufacture, distribution, and importation of controlled substances, as well as methods used to finance drug transactions. Based on my training and experience – including my participation in the investigations referenced above – as well as discussions and interactions with other experienced FBI SA's, Task Force Officers ("TFO"), and narcotics investigators, I am familiar with the manner in which drug traffickers and their organizations operate within the United States

3. I make this affidavit in support of criminal complaints and arrest warrants against Anthony Franklin and Derrick Phillips for violations of:

   a. 21 U.S.C. §§ 846 and 841(b)(1)(A) (conspiracy to possess with intent to distribute and to distribute 400 grams or more of a mixture or substance containing a detectable amount of fentanyl); and

b.    21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (knowing and intentional distribution of 40 grams or more of a mixture or substance containing a detectable amount of fentanyl).

4.    I have not included every detail of the investigation, but only information necessary to establish probable cause to issue the above-requested warrants.

## PROBABLE CAUSE

6.    Since January 2026, the FBI and Montgomery County Ohio RANGE Task Force has investigated Anthony FRANKLIN (hereinafter "FRANKLIN") for his role in an organization distributing controlled substances in the Dayton, Ohio area. As detailed more fully below, through this investigation, FBI task force members learned FRANKLIN uses cell phone number ending in 4322 (hereinafter, "the Target Cell Phone") to facilitate his drug trafficking activity. Specifically, during 2026 (and as recently as June 2026), a law enforcement officer acting in an undercover capacity (hereinafter "the UC") engaged in recorded conversations with FRANKLIN at the Target Cell Phone. Law enforcement familiar with FRANKLIN's voice reviewed one or more of these calls and confirmed FRANKLIN as the user of the Target Cell Phone.

7.    During the second week of June 2026, the UC contacted FRANKLIN at the Target Cell Phone and placed an order for an amount of fentanyl. FRANKLIN agreed to the transaction and directed the UC to Vireo Drive in Fairborn, Ohio. Based on previous surveillance, law enforcement knew FRANKLIN lived at a home on Vireo Drive (hereinafter, the "Viero Residence"). Upon arrival on that street, the UC parked and waited for FRANKLIN to exit the Vireo Residence. FRANKLIN walked to the UC's vehicle and handed the UC approximately five ounces (or roughly 140 grams) of purported fentanyl in exchange for law enforcement buy funds. During the interaction, FRANKLIN showed the UC a video from FRANKLIN's Mexican

supplier showing multiple kilograms of purported fentanyl. The kilograms in the video were stamped with the Louis Vuitton "LV" symbol, which Affiant knows through training and experience is a symbol/identifying stamp used by Mexico-based drug suppliers to identify and market their kilograms of narcotics. FRANKLIN also informed the UC that the kilograms in the video were expected to arrive to him next week along with a load of methamphetamine. Following the transaction, task force members took custody of the purported fentanyl as evidence. A field test was conducted on the purported fentanyl, and it returned a positive result for the presence of fentanyl.

8. On or about June 10, 2026, FRANKLIN contacted the UC and advised the load of narcotics had arrived. FRANKLIN agreed to sell the UC one quarter kilogram of purported fentanyl later that day. FRANKLIN ultimately directed the UC to a parking lot at 4770 Indian Ripple Rd., Beavercreek, Ohio, to complete the transaction. Affiant recognized the suggested location as close to the home of Derrick PHILLIPS, a drug trafficking associate of FRANKLIN who lived on Cottage Park Dr., Beavercreek, Ohio (hereinafter, "Cottage Park Residence)".

9. Task force members established surveillance at the Cottage Park Residence and noted FRANKLIN'S vehicle parked in the driveway. Several minutes later, task force members observed FRANKLIN and PHILLIPS exit the Cottage Park Residence and enter FRANKLIN'S vehicle. Around this time, the UC received a call from FRANKLIN'S cell phone, i.e., the Target Cell Phone; however, PHILLIPS – whose voice law enforcement recognized from previous interactions with him – was the person speaking to the UC. PHILLIPS directed the UC to an area close to the initial suggested meeting place. Upon arrival, the UC was met by FRANKLIN who was the driver of his vehicle and PHILLIPS who was the front seat passenger. PHILLIPS handed the UC a small square brick of purported fentanyl, and the UC provided PHILLIPS law

enforcement buy funds.  Following the transaction, FRANKLIN and PHILLIPS returned to the Cottage Park Residence. Meanwhile, task force members field tested the purported fentanyl that FRANKLIN and PHILLIPS sold to the UC, and it tested positive for fentanyl with an approximate weight of 228 grams.

10.     On or about June 10, 2026, following the above-described transactions, the Honorable Peter B. Silvain Jr., United Stated Magistrate Judge, authorized federal search warrants for the Vireo and Cottage Park Residences.   Law enforcement executed the warrants that evening.

11.     As law enforcement served the federal warrant at the Vireo Residence, FRANKLIN attempted to flee from the home but was apprehended a short distance from it.   While attempting to flee, FBI Special Agent Kenny Howard observed FRANKLIN throw a black object into the woods behind the residence.  SA Howard later discovered a handgun in the woods.  Notably, FRANKLIN had abandoned within the Vireo Residence his infant child.   After safely removing the infant from the home, law enforcement searched the Vireo Residence pursuant to the warrant and found within it a portion of the buy money from the earlier transaction as well as approximately one ounce of suspected fentanyl.

12.     Upon executing the federal warrant at the Cottage Park Residence, PHILLIPS also attempted to flee from this location but was quickly secured by officers.   While searching this house, law enforcement found within it approximately 900 grams of a substance that field tested positive for the presence of fentanyl, a press used to compress fentanyl after it has been mixed with other substances, as well as a handgun.   Officers also discovered within the house a portion of the buy funds from the transaction described above.   As detailed earlier, law enforcement associated this location with PHILLIPS and observed him come and go from it around the time of the above-described drug transaction.

13. Based on the forgoing, I believe that FRANKLIN and PHILLIPS worked together to possess with intent to distribute and to distribute over 400 grams of fentanyl – namely, the over 200 grams they collectively sold to the UC coupled with the 900 grams recovered from PHILLIPS's home. I also believe that, aiding and abetting each other, FRANKLIN and PHILLIPS knowingly and intentionally distributed 40 grams or more of a fentanyl mixture.

## CONCLUSION

14. Based on the facts set forth in the Affidavit, I believe there is probable cause to issue the above-requested complaints.

*Robert M. Buzzard*

Robert Buzzard
Task Force Officer
Federal Bureau of Investigation

Sworn and subscribed before me on this
11th day of June 2026.

HONORABLE PETER B. SILVAIN, JR.
UNITED STATES MAGISTRATE JUDGE